1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8   SAMUEL GOODALL,                          CASE NO. 3:16-CV-05342-RBL-JRC

9                        Plaintiff,          ORDER DIRECTING SERVICE OF
                                             CIVIL RIGHTS COMPLAINT
10          v.

11   HATCH,

12                       Defendant.

13

14          This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  Plaintiff is proceeding

15   with this action *pro se* and *in forma pauperis*.  Plaintiff is currently incarcerated at the **Stafford**

16   **Creek Corrections Center** and is subject to the Court's Mandatory Electronic E-Filing Pilot

17   Project ("E-Filing Pilot Project) pursuant to General Order 02-15.  The Court, having reviewed

18   plaintiff's complaint, hereby **ORDERS** as follows:

19          (1)     Service by Clerk

20          The Clerk is directed to send the following to the named defendants by first class mail:  a

21   copy of plaintiff's complaint, a copy of this Order, two copies of the notice of lawsuit and

22   request for waiver of service of summons, a waiver of service of summons, and a return

23   envelope, postage prepaid, addressed to the Clerk's Office.

ORDER DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT - 1

1    (2)    Response Required

2    Defendant(s) shall have **thirty (30) days** within which to return the enclosed waiver of

3    service of summons.  A defendant who timely returns the signed waiver shall have **sixty (60)**

4    **days** after the date designated on the notice of lawsuit to file and serve an answer to the

5    complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

6    A defendant who fails to timely return the signed waiver will be personally served with a

7    summons and complaint, and may be required to pay the full costs of such service, pursuant to

8    Rule 4(d)(2) of the Federal Rules of Civil Procedure.  A defendant who has been personally

9    served shall file an answer or motion permitted under Rule 12 within **thirty (30) days** after

10   service.

11   (3)    Filing and Service by Parties, Generally

12   All attorneys admitted to practice before this Court are required to file documents

13   electronically via the Court's CM/ECF system.  Counsel are directed to the Court's website,

14   www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF.

15   Plaintiff shall file all documents electronically.  All filings must indicate in the upper right hand

16   corner the name of the magistrate judge to whom the document is directed.

17   Any document filed with the Court must be accompanied by proof that it has been served

18   upon all parties that have entered a notice of appearance in the underlying matter.  Plaintiffs

19   subject to the Court's E-Filing Pilot Project shall indicate the date the document is submitted for

20   e-filing as the date of service.

21   (4)    Non-State Defendants

22   As a registered user of the Court's electronic filing system, you must accept electronic

23   service of all court filings (**except** original service of a complaint) by prisoner litigants housed at

ORDER DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT - 2

1  the Washington State Penitentiary (WSP) or Stafford Creek Corrections Center (SCCC) who are

2  subject to the Court's E-Filing Pilot Project.  WSP and SCCC prisoner litigants are no longer

3  required to serve their court filings on the Court or defendants by mail.  Service by mail of your

4  court filings to WSP and SCCC prisoner litigants is also no longer required.

5          (5)     Motions, Generally

6          Any request for court action shall be set forth in a motion, properly filed and served.

7  Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a

8  part of the motion itself and not in a separate document.  The motion shall include in its caption

9  (immediately below the title of the motion) a designation of the date the motion is to be noted for

10 consideration upon the Court's motion calendar.

11         Stipulated and agreed motions, motions to file over-length motions or briefs, motions for

12 reconsideration, joint submissions pursuant to the option procedure established in LCR 37(a)(2),

13 motions for default, requests for the clerk to enter default judgment, and motions for the court to

14 enter default judgment where the opposing party has not appeared shall be noted for

15 consideration on the day they are filed.  *See* LCR 7(d)(1).  All other non-dispositive motions

16 shall be noted for consideration no earlier than the third Friday following filing and service of the

17 motion.  *See* LCR 7(d)(3).  All dispositive motions shall be noted for consideration no earlier

18 than the fourth Friday following filing and service of the motion.  *Id*.

19         For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-

20 dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday

21 immediately preceding the date designated for consideration of the motion.

22

23

ORDER DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT - 3

1   The party making the motion may electronically file and serve not later than 11:59 p.m.

2   on the date designated for consideration of the motion, a reply to the opposing party's briefs and

3   affidavits.

4        (6)      Motions to Dismiss and Motions for Summary Judgment

5        Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil

6   Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil

7   Procedure should acquaint themselves with those rules.  As noted above, these motions shall be

8   noted for consideration no earlier than the fourth Friday following filing and service of the

9   motion.

10       Defendants filing motions to dismiss based on a failure to exhaust or motions for

11  summary judge are advised that they MUST serve a *Rand* notice concurrently with motions to

12  dismiss based on a failure to exhaust and motions for summary judgment so that *pro se* prisoner

13  plaintiffs will have fair, timely and adequate notice of what is required of them in order to

14  oppose those motions.  *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012).  The Ninth Circuit

15  has set forth model language for such notices:

16       A motion for summary judgment under Rule 56 of the Federal Rules of
         Civil Procedure will, if granted, end your case.
17
         Rule 56 tells you what you must do in order to oppose a motion for
18       summary judgment.  Generally, summary judgment must be granted when
         there is no genuine issue of material fact – that is, if there is no real
19       dispute about any fact that would affect the result of your case, the party
         who asked for summary judgment is entitled to judgment as a matter of
20       law, which will end your case.  When a party you are suing makes a
         motion for summary judgment that is properly supported by declarations
21       (or other sworn testimony), you cannot simply rely on what your
         complaint says.  Instead, **you must set out specific facts in declarations,**
22       **depositions, answers to interrogatories, or authenticated documents,**
         **as provided in Rule 56(e), that contradict the facts shown in the**
23       **defendant's declarations and documents and show that there is a**

ORDER DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT - 4

**genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).

Defendants who fail to file and serve the required *Rand* notice on plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

(7)     Direct Communications with District Judge or Magistrate Judge

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case.  All relevant information and papers are to be directed to the Clerk.

(8)     The Clerk is directed to send copies of this Order and of the Court's *pro se* instruction sheet to plaintiff.  The Clerk is further directed send a copy of this Order and a courtesy copy of plaintiff's complaint to **Washington State Attorney General's Office** by first-class mail.

Dated this 23rd day of May, 2016.

J. Richard Creatura
United States Magistrate Judge

ORDER DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT - 5