UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAMUEL GOODALL,

                Plaintiff,

     v.

HATCH, et. al.,

                Defendants.

CASE NO. C16-5342 RBL-JRC

ORDER

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Before the Court are:  1) plaintiff's motion for voluntary dismissal without prejudice (Dkt. 21); plaintiff's amended motion for voluntary dismissal without prejudice (Dkt. 22); plaintiff's motion to clarify and not dismiss without prejudice (Dkt. 24); and plaintiff's motion to respond to document numbers 19, 20, and 23 (Dkt. 25).

Plaintiff's motion to clarify and not dismiss (Dkt. 24) is granted in part (as to withdrawing plaintiff's motions for voluntary dismissal) and denied in part (as to requiring

1   defendants to provide legal advice).  Accordingly, the Court denies as moot plaintiff's motions

2   for voluntary dismissal without prejudice (Dkts. 21, 22).  Plaintiff's motion to respond to

3   document numbers 19, 20, and 23 (Dkt. 25) is denied.

4                                               BACKGROUND

5         The Court granted plaintiff *in forma pauperis* status on May 13, 2016.  Dkt. 5.  Plaintiff

6   filed his complaint on the same date. Dkt. 6. On July 25, 2016, defendants K Adams, Department

7   of Corrections, Hatch, McMains, Maggie Miller-Stout, and Jeffrey Rude filed an answer and jury

8   demand.  Dkt. 19.  On August 10, 2016, plaintiff filed a motion for voluntary dismissal without

9   prejudice. Dkt. 21.  On that same day, plaintiff filed an amended motion for voluntary dismissal

10  without prejudice, arguing that he had failed to exhaust his administrative remedies before filing

11  his complaint as required by the Prison Litigation Reform Act ("PLRA"). Dkt. 22.  Plaintiff also

12  stated, "I request here that the lawyers for all named in case 3:16-cv-05342-RBL-JRC and the

13  court to all analyze this inclusion I am submitting to the court and tell me if I have been lied to

14  by more than three WA state employees about the grievance procedure being at its end i.e.

15  'exhausted.' " Dkt. 22-1 at 18.

16        On August 12, 2016, defendants filed a response to plaintiff's motions for voluntary

17  dismissal (Dkts. 21, 22) stating that they were not opposed to plaintiff's request to voluntarily

18  dismiss his case. Dkt. 23. However, on August 19, 2016, plaintiff filed a motion to clarify and

19  not dismiss (Dkt. 24) and a motion to respond to document numbers 19, 20, and 23 (Dkt. 25).

20  Defendants filed a response. Dkt. 26 at 2.

21  //

22  //

23  //

24

ORDER - 2

DISCUSSION

A.   <u>Plaintiff's Motion to Clarify and Not Dismiss (Dkt. 24)</u>

Plaintiff's motion to clarify and not dismiss appears to be a request to withdraw his previous motion to voluntarily dismiss (Dkt. 21) and amended motion for voluntary dismissal (Dkt. 22). Dkt. 24. Plaintiff notes, "Do not Dismiss 3:16-cv-05342-RBL-JRC." *Id*.  Plaintiff also appears to request that defense counsel review his letters and motions filed on August 10, 2016 before he requests a dismissal.  Dkt. 24-1 at 1-2 ( "In no way am I requesting a dismissal without all said reviewing the copys [sic] I E-filed to the Court [on August 10, 2016]." Plaintiff further states "they told me the grievance process is over and go to the courts." *Id*. at 2.

Defendants do not take a position on plaintiff's request to withdraw his motions for voluntary dismissal, but argue that plaintiff's claims are meritless, which defendants will argue if the case proceeds.  Dkt. 26 at 2.  Further, defendants respond that plaintiff's request for a review of his letters and motions is inappropriate and that defense counsel is unable to provide plaintiff with legal advice regarding the litigation of this case.  *Id*.

Plaintiff's motion is granted in part and denied in part. As to plaintiff's request that the Court allow him to withdraw his motions to voluntarily dismiss (Dkts. 21, 22), it appears that plaintiff did not intend to sign his motion for voluntary dismissal and that plaintiff was told that the grievance process has been completed.  Dkt. 24 at 2.  Therefore, plaintiff's request to withdraw his prior motions for voluntary dismissal (Dkt. 24) is granted. Accordingly, plaintiff's motion for voluntary dismissal (Dkt. 21) and amended motion for voluntary dismissal (Dkt. 22) are denied as moot.

1    With respect to plaintiff's request for advice on his letters and motions, neither

2    defendants nor this Court are in a position to offer legal advice to plaintiff.  Therefore, the Court

3    denies plaintiff's request for defense counsel to analyze his letters and motions. *See* Dkt. 24.

4    B.    Plaintiff's Motion to Respond to Document Numbers 19, 20, and 23 (Dkt. 25)

5    Although plaintiff's motion is not entirely clear, it appears that plaintiff requests leave to

6    respond to defendants' answer (Dkt. 19).  Dkt. 25. Plaintiff indicates that he intends for the

7    eleven-page statement that he submitted in support of his amended motion to voluntarily dismiss

8    (Dkt. 22-1 at 9-19) to serve as the reply to defendants' answer. *See* Dkt. 25-1 at 1.  Plaintiff also

9    requests an order permitting him to respond to Dkt. 20 (pretrial scheduling order) and Dkt. 23

10    (defendants' response to plaintiff's motion for voluntary dismissal).  Dkt. 25. Defendants object

11    to plaintiff's motion. Dkt. 26.

12    First, with respect to plaintiff's request to file a response to defendants' answer, plaintiff

13    does not show why a response to defendants' answer would be helpful or necessary. *See* Fed. R.

14    Civ. P. 7(a)(7) (A reply to an answer is permitted only if ordered by the Court.). Thus, plaintiff's

15    request is denied.

16    Second, with respect to plaintiff's request to file a response to the pretrial scheduling

17    order (Dkt. 20), plaintiff does not show that a response is necessary. If plaintiff wishes to object

18    to or request a modification of the Court's pretrial scheduling order, he must file a motion.  Thus,

19    plaintiff's request is denied.

20    Third, with respect to plaintiff's request that he be allowed to respond to defendants'

21    response to plaintiff's motion for voluntary dismissal, plaintiff's request is denied as moot.

22    //

23    //

24

CONCLUSION

Accordingly, plaintiff's motion for voluntary dismissal without prejudice (Dkt. 21) and amended motion for voluntary dismissal without prejudice (Dkt. 22) are denied as moot. Plaintiff's motion to clarify and not dismiss (Dkt. 24) is granted in part and denied in part, as set forth herein. Plaintiff's motion to respond to document numbers 19, 20, and 23 (Dkt. 25) is denied.

Dated this 28th day of September, 2016.

J. Richard Creatura
United States Magistrate Judge