UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAMUEL GOODALL,

          Plaintiff,

v.

HATCH et al.

          Defendants.

CASE NO. 3:16-CV-05342-RBL-JRC

ORDER

Before the Court is plaintiff's Motion to Submit Discovery for Trial. Dkt. 28. Defendants filed a response and a declaration. Dkt. 29; Dkt. 30 at ¶ 2 (Declaration of Katherine J. Faber). Plaintiff filed a reply. Dkt. 32.

As defendants point out in their response, there are two sections of plaintiff's motion that appear to be discovery requests directed to defendants. Dkt. 29. First, plaintiff requests the production of a surveillance video from Airway Heights Corrections Center ("AHCC") and medical records. Dkt. 28 at 1-3. Second, plaintiff directs several questions, which appear to be interrogatories to defendant Rude. *Id.* at 7-8. The remainder of plaintiff's motion appears to be an affidavit or declaration, in which plaintiff outlines his grievances, the grievance appeal process

ORDER - 1

and the nature of his claims. *Id.* at 3-8. Plaintiff also appears to attempt to file interrogatories directed at non-parties Jackson, Caldwell, Martin, DeShaur, "all grievance staff," Byrnes, Archer, Boggs, Geenen. *Id.* at 3-17. Defendants respond that prior to receiving plaintiff's motion, they have not received any discovery requests from plaintiff. Dkt. 29; Dkt. 30 (Declaration of Katherine Faber).

To the extent that plaintiff is attempting to serve discovery through the Court, discovery requests should be served directly on the parties, and "must not be filed until they are used in the proceedings or the court orders filing." Local Rule 5(b). Here, the Court has not ordered discovery requests be filed. Plaintiff is not required to file a motion requesting production of documents, requests for admission or interrogatories.  However, as plaintiff is proceeding *pro se*, the Court deems plaintiff's discovery requests have been served on defendants through the filing of his motion. Defendants shall respond to the request for production of the AHCC surveillance video and medical records and the interrogatories directed at defendant Rude within thirty (30) days of the date of this Order. If a dispute arises after defendants' have responded to plaintiff's requests, plaintiff is advised that the parties must meet and confer prior to filing a motion to compel. *See* Fed. R. Civ. P. 37; Local Rule 37.

With respect to plaintiff's purported interrogatories directed at non-parties, plaintiff is advised that he can only serve interrogatories on parties to the lawsuit, but he may depose a non-party by written questions. *See* Fed. R. Civ. P. 31; 33.   The Court will not take any action regarding to plaintiff's declarations, as plaintiff has not requested any specific relief from the Court.

1  Accordingly, plaintiff's motion to submit discovery is denied. However, defendants are
2  ordered to respond to the request for production and interrogatories directed at defendant Rude
3  within thirty (30) days of the date of this Order.
4  Dated this 27th day of January, 2017.

J. Richard Creatura
United States Magistrate Judge

ORDER - 3